EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 16 2002

at 1 o'clock and 30 min. P.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR 02-00310 SOM |
| | ) | |
| Plaintiff, | ) | INFORMATION |
| | ) | |
| vs. | ) | [18 U.S.C. § 1341] |
| | ) | |
| JOHN A. CHANIN, | ) | |
| | ) | |
| Defendant. | ) | |

INFORMATION

The United States Attorney charges:

A.   Introduction.

    1.   At all times relevant to this information, John A. Chanin was an attorney, duly licensed to practice law in the State of Hawaii, and represented A.M.V. (hereinafter "A.M.V."). in an action against A.S., a Hawaii limited partnership.



2. D.L. was an attorney, duly licensed to practice law in the State of Hawaii, who represented A.S., a Hawaii limited partnership (hereinafter "A.S.").

3. R.F.P. was an attorney with an Indiana law firm in Merrillville, who provided assistance to A.M.V.

B. <u>The Scheme and Artifice to Defraud</u>.

From on or about June 20, 1996, and continuing to on or about September 24, 1997, in the District of Hawaii, the Defendant, John A. Chanin, knowingly devised and intended to devise a scheme and artifice to defraud A.M.V. and A.S. of $20,000.00 by means of material false and fraudulent pretenses, representations, and promises, as well as omissions of material fact, well knowing at the time that such pretenses, representations and omissions would be and were false when made.

C. <u>Means of the Scheme and Artifice to Defraud</u>.

1. It was part of the scheme and artifice to defraud that the Defendant filed a complaint on behalf of A.M.V. against A.S. on June 20, 1996.

2. It was part of the scheme and artifice to defraud that on July 16, 1997, A.M.V. directed the Defendant to inform counsel for A.S. that she was willing to dismiss the action against A.S., so long as A.S. paid her $20,000.00.

3. It was part of the scheme and artifice to defraud that on August 28, 1997, the Defendant told D.L. that

his client A.M.V. had signed a $20,000 settlement agreement and that the agreement would be faxed to D.L. on August 28, 1997, and further that he, the Defendant, would not negotiate D.L.'s check until the signed settlement agreement had been faxed.

      4.   D.L. relied on the Defendant's representation and released the A.M.V. vs. A.S. settlement check to a representative of the Defendant on August 28, 1997.

      5.   It was part of the scheme and artifice to defraud that on August 28, 1997, the Defendant knew that no settlement agreement had been signed and caused D.L.'s law firm's $20,000 check to be deposited into his law office general operating account rather than the client trust account he maintained.

      6.   It was part of the scheme and artifice to defraud that on August 29, 1997, the Defendant sent D.L. a letter in which he continued to assert that he had deposited D.L.'s firm's $20,000 check into his trust account.

      7.   It was part of the scheme and artifice to defraud that by August 31, 1997, the Defendant had converted at least $9,224 of A.M.V.'s settlement proceeds to his own use.

      8.   It was part of the scheme and artifice to defraud that on September 25, 1997, the Defendant sent a check in the amount of $20,000, drawn on his client trust account, to R.F.P.'s law firm in Indiana for A.M.V. in an effort to delay discovery of his use of the $20,000 settlement fund.

9. It was part of the scheme and artifice to defraud that on the date that check was sent, the Defendant's Bank of Honolulu client trust account had a total balance of $37.50, as the Defendant well knew.

D. The Mailing.

On or about September 25, 1997, in the District of Hawaii, the Defendant, John A. Chanin, for the purpose of executing and attempting to execute the scheme and artifice, did place and caused to be placed in an authorized depository for mail matter, a check drawn on the Defendant's client trust account for $20,000 addressed to a law firm in Merrillville, Indiana, on behalf of his client A.M.V., that was mailed from Honolulu, Hawaii, and was sent and delivered by the United States Postal Service.

All in violation of Title 18, United States Code, Section 1341.

DATED: July 16, 2002 at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

United States v. John A. Chanin
Cr. No. _____; "Information"

4